# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6436 | **DATE** | 10/19/2010 |
| **CASE TITLE** | Terrance L. Smith (#2010-0727242) vs. Warden Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $6.89 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the Court's own motion, the complaint is dismissed as to Defendant Warden Marcus Hardy pursuant to 28 U.S.C. § 1915A without prejudice. The clerk is directed to issue summonses for all other Defendants. The clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The United States Marshals Service is appointed to serve the remaining Defendants. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff, presently an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 challenging his treatment while at the Illinois Department of Corrections Northern Reception and Classification Center (NRC) at the Stateville Correctional Center. (Dkt. No. 1). Plaintiff claims that Defendants, Stateville Warden Marcus Hardy, Drs. Smith and Mahone and Nurse Sarah, violated his constitutional rights by their deliberate indifference to his medical needs. (*Id*.). He also seeks leave to proceed *in forma pauperis* (Dkt. No. 3), and moves for appointment of counsel. (Dkt. No. 4).

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.89 The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

# STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under 42 U.S.C. § 1983 against Defendants Drs. Smith and Mahone and Nurse Sarah. The complaint alleges that these individuals failed to provide necessary treatment to Plaintiff over a several month period resulting in alleged unnecessary pain and injury to Plaintiff. (Dkt. No. 1). Plaintiff claims that he is paralyzed from an unrelated shooting and must catheterize himself four times a day to release urine from his body. (*Id*. at 5). He alleges that Defendants denied him the necessary medical supplies despite his repeated requests resulting in significant infections and loss of urine control. (*Id*. at 8). "A delay in treatment may constitute deliberate indifference [in violation of the Constitution] if the delay exacerbated an injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citations omitted). While a more fully developed record may belie Plaintiff's claims, Defendants must respond to the allegations in the complaint.

However, Defendant Warden Marcus Hardy is dismissed from this case. "Because there is no theory of *respondeat superior* for constitutional torts, Plaintiff 'must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.'" *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)). A supervisor can be held liable under Section 1983 if the supervisor "facilitated, approved, condoned, or turned a blind eye" to the misconduct. *Trentadue v. Redmon*, __ F.3d __, No. 08-3442, 2010 WL 3239397, at *3 (7th Cir. Aug. 18, 2010) (citations omitted). But, Plaintiff alleges no individual involvement of any kind by Warden Hardy. Unlike the other Defendants, who had interactions with Plaintiff and allegedly failed to follow up on his many requests for medical treatment, Plaintiff makes no claim of individual involvement against Warden Hardy. Thus, Warden Hardy is dismissed as a Defendant from this case.

The clerk shall issue summonses for service of the complaint on Defendants. The clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the remaining Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former prison employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

As to Plaintiff's motion for appointment of counsel, "[t]here is no constitutional or statutory right to

## STATEMENT

counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent Plaintiff, this Court considers whether: (1) Plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the [P]laintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se Plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (quoting *Pruitt*, 503 F.3d at 655).

Plaintiff's motion for appointment of counsel asserts that he has contacted three attorneys thus satisfying the first element of the test. (Dkt. No. 4). Turning to the second element of the test — the complexity of the case and whether Plaintiff appears competent to litigate it on his own — the Court concludes that recruitment of counsel for Plaintiff is not necessary at this time. "The question [for this Court] is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers Plaintiff's "competence to litigate his own case" including his "literacy, communication skills, education level, and litigation experience." *Id.* Plaintiff does not provide any evidence to suggest that he is unable to litigate his own case at this time and the Court concludes that the requirements of proceeding at this time do not require counsel for Plaintiff.

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $6.89 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the Court's own motion, the complaint is dismissed as to Defendant Warden Marcus Hardy pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summonses for all other Defendants. The clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.